UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 07-297-JBC

KENNETH HOSKINS,                                                PLAINTIFF,

V.             MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income (DE 10, 14).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the Commissioner's motion.

**I. Overview of the Process**

Judicial review of the Administrative Law Judge's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Commissioner properly applied relevant legal standards.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.

1994).  The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility.  *See id.*  Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.  If it is determined during the process that the claimant is not disabled, then the analysis ceases at that step.  *Mowery v. Heckler*, 771 F.2d 966, 969 (6th Cir. 1985); 20 C.F.R. § 404.1520(a)(4).

## II.  The ALJ's Determination

The claimant is a forty-eight-year-old male with a sixth-grade education and

past work experience as a truck driver and laborer. AR 582, 343. The claimant alleges disability beginning on July 8, 1996, due to problems with his back, neck, legs, ankles, knee, feet and stomach, rotator cuff tear, heart problems, high blood pressure and panic attacks. AR 343. The plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 29, 2002, which was denied initially and on reconsideration. AR 617. On January 3, 2005, a hearing decision was issued denying disability benefits. AR 339-56. On October 28, 2005, the Appeals Council remanded the matter for further development and proceedings. AR 359-62. After a hearing held on March 7, 2006, Administrative Law Judge ("ALJ") Joan A. Lawrence determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 617-28. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the plaintiff's osteoarthritis of the left ankle; disorders of the back, discogenic and degenerative; history of rotator cuff tear, left shoulder; history of non-cardiac chest pain; pain disorder; depressive disorder; and borderline intellectual disorder were severe impairments. AR 619. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. The ALJ found that the claimant had the residual functional capacity ("RFC") to perform light work with several functional restrictions. AR 624. At Step 4, the ALJ found that the claimant was unable to perform his past relevant work. The ALJ concluded at

Step 5, after considering the claimant's age, education, work experience, and RFC, that he could perform a significant number of other jobs in the national economy. AR 626-27. On August 13, 2007, the Appeals Council denied the claimant's request for review of the ALJ's May 24, 2006, decision, *see* AR 10-13, and the claimant then commenced this action.

### III. Legal Analysis

The claimant argues that the majority of the evidence in the record supports a finding of disability. This appears to be an argument that the ALJ's decision is not supported by substantial evidence. The claimant further states that he is unable to perform any gainful employment available in significant numbers in the national economy. This second argument appears to assert that the ALJ erred in his determination that the claimant was not disabled.

The general assertions by the claimant are not developed arguments which the court can properly address. The claimant failed to identify any specific aspects of the ALJ's decision that lack support in the record.

> Under these circumstances, [the court] decline[s] to formulate arguments on [the claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence.

*Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006). The claimant outlines the process that the ALJ must follow in determining whether the claimant is disabled and then recites portions of the ALJ's findings and

4

summaries of the medical evidence. At the end of his motion the claimant states that he is not able to perform gainful employment and that the majority of the evidence in the record supports his conclusion.

The ALJ's decision goes into great detail about the claimant's medical treatments for the impairments which the ALJ determined were severe. AR 619-23. She also summarizes the treatment records and opinions of various physicians who treated the claimant and/or performed a consultative evaluation. *Id.* When the ALJ stated the claimant's RFC she included specific details regarding the claimant's mental and physical functional limitations. AR 624. The ALJ stated the reasons for her findings relative to the claimant's RFC and her reasons for finding the claimant's allegations of pain and disability not credible. AR 624-26. The ALJ specifically found that "the claimant does not experience pain, discomfort, or other symptoms of the severity, frequency, or duration necessary to preclude the performance of any and all work activity." AR 625. The ALJ stated specific reasons for adopting or rejecting certain physicians' opinions, including whether their statements were consistent with the objective medical evidence, the remainder of the record, and the claimant's statements. AR 619-26. The ALJ considered the claimant's age, education, work experience, and RFC, and the testimony of a vocational expert, in reaching the decision that the claimant was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 627-28.

After reviewing the ALJ's decision and the record, the court finds that the ALJ properly applied the relevant legal standards and that the decision is supported by substantial evidence.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **DENIED**.

Signed on  September 29, 2008   

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY